**FILED**

**November 2, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:50 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Tim Venable | )   Docket No.   2015-05-0582 |
| | ) |
| v. | )   State File No. 78398-2014 |
| | ) |
| Superior Essex, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale Tipps, Judge | ) |

---

### Affirmed and Remanded—Filed November 2, 2016

---

In this interlocutory appeal, the trial court issued an order for medical benefits, determining the employee presented sufficient evidence to support the order despite a utilization review agent's reports that led to the denial of treatment recommended by an authorized physician. In reaching this conclusion, the trial court found the opinions of the utilization review physicians did not overcome the statutory presumption of correctness applicable to the opinion of the authorized physician. The employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Lee Anne Murray, Nashville, Tennessee, for the employer-appellant, Superior Essex, Inc.

Mark Lambert, Memphis, Tennessee, for the employee-appellee, Tim Venable

### Factual and Procedural Background

Tim Venable ("Employee") was working for Superior Essex, Inc. ("Employer"), when he twisted his left knee while stepping off a forklift on September 18, 2014. Employer accepted the claim as compensable and provided authorized medical treatment

1

with Dr. Randall Davidson.[1]  Following an initial evaluation and diagnostic testing, Dr. Davidson diagnosed a tear of the medial meniscus and patellofemoral arthritis of the left knee.  In December 2014, he performed arthroscopic repair of the meniscus and debridement of patella chondromalacia and the medial femoral condyle.

Over the next several months, Employee continued to complain of pain and symptoms in his knee.  Dr. Davidson ordered an MRI and referred Employee to Dr. Scott McCall for consideration of additional surgical intervention.[2]  On May 14, 2015, Dr. McCall recommended additional surgery, concluding "I think the current issue and need for [surgery] are related to his original work comp injury.  He has had significant progression of arthritic change in his medial compartment since the injury and meniscectomy."

In response to this recommendation, Employer sought utilization review with Dr. Glenn Smith, a Tennessee-licensed, board-certified physician.  Dr. Smith concluded that the recommended surgery was not medically necessary based on his review of the medical records and his interpretation of the Official Disability Guidelines (ODG).  As a result of Dr. Smith's report, Employer denied authorization for the surgery recommended by Dr. McCall.

Thereafter, Dr. McCall reviewed Dr. Smith's utilization review report, commented that "[t]he information in the denial letter is incorrect," and explained why he believed the objective radiographic findings supported his recommendation for surgery.  He also renewed his request that the surgery be authorized.  In response, Employer again submitted the surgery recommendation for utilization review, this time with Dr. Bart Goldman, also a Tennessee-licensed, board-certified physician.  Although Dr. Goldman concluded that the total knee replacement recommended by Dr. McCall was "likely reasonable," he nevertheless opined that it should "be considered unrelated to the injury in question."  Employer continued to deny authorization for the surgery.

Employer's denial of the recommended treatment based on the second utilization review report was appealed to the Tennessee Bureau of Workers' Compensation's utilization review program, where it was reviewed by the Medical Director, Dr. Robert

---

[1] Dr. Davidson had previously provided medical treatment for a 2005 left knee injury that was unrelated to Employee's work with Employer.

[2] In both its pre-hearing brief and its brief on appeal, Employer referred to Dr. McCall as an "evaluating physician."  However, Employer has not argued on appeal that Dr. McCall was unauthorized or that his opinions concerning medical necessity and causation were not entitled to a presumption of correctness. The record reflects that the original authorized physician, Dr. Davidson, referred Employee to Dr. McCall.  Once an authorized physician selected from a panel makes a referral to a specialist, the employer must offer a panel of specialists within three business days of the referral or be deemed to have authorized the referral to that specialist.  Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii) (2015).

Snyder. On September 1, 2015, Dr. Snyder wrote a letter indicating his agreement with the denial of "unicompartmental left knee replacement." Dr. Snyder specified in his letter that the "determination relates only to medical necessity" and cautioned that "this decision shall not be used to determine causation and/or compensability per the provisions of T.C.A. § 50-6-102(19)."[3]

Employee filed a petition for benefit determination seeking an order compelling Employer to provide the treatment recommended by Dr. McCall. Following unsuccessful mediation, Employee filed a request for expedited hearing asking the court to render a decision without an in-person evidentiary hearing. Employer did not object or request an in-person hearing. Upon determining it needed no additional information, the trial court issued an order requiring Employer to provide the medical benefits requested. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

## Analysis

### Issues Addressed by the Trial Court

Employer argues that the trial court "improperly addresse[d] issues not raised or argued by the parties," thereby denying Employer its due process rights. In support of

---

[3] The pertinent statutory definition is Tennessee Code Annotated section 50-6-102(20) rather than Tennessee Code Annotated section 50-6-102(19).

this assertion, Employer complains that the trial court "analyzed the medical proof and made arguments regarding the conclusions to be drawn from reviewing the evidence." While we agree with Employer that the trial court analyzed the medical proof and reached conclusions regarding the relative weight to be given such proof, we disagree that the trial court's actions went beyond the scope of the issues raised. In making its argument, Employer fails to acknowledge that the Dispute Certification Notice ("DCN"), which provides notice of the disputed issues to be presented in the case, listed "medical benefits" as a disputed issue. Moreover, Employer listed as a defense on the DCN the utilization review denial of medical treatment and whether such denial had been timely appealed by Employee. Indeed, the DCN included as a disputed issue "whether Employee is entitled to additional medical care as recommended by a physician."

Furthermore, in a pleading entitled "Stipulations" signed by Employer's counsel, the parties agreed that the utilization review reports and correspondence from the Bureau's Medical Director were admissible.[4] According to this pleading, "the sole issue in dispute in this case is whether the [c]ourt should overturn two (2) [u]tilization [r]eview denials for surgery on Employee's left knee and . . . order the Employer and . . . [c]arrier to provide the left knee surgery requested by Dr. McCall." Therefore, the relative weight to be given the utilization review reports and the opinions expressed by the authorized treating physician was squarely before the trial court as a disputed issue.

In evaluating expert medical opinions, a trial judge may consider, among other things, the qualifications of the experts, the circumstances of their evaluation, the information available to them, and the evaluation of the importance of that information by other experts. *Simerly v. Crete Carrier Corp.*, No. M2013-00236-WC-R3-WC, 2014 Tenn. LEXIS 115, at *11 (Tenn. Workers' Comp. Panel Feb. 14, 2014). A trial judge "has the discretion to conclude that the opinion of one expert should be accepted over that of another expert." *Sanker v. Nacarato Trucks, Inc.*, No. 2016-06-0101, 2016 TN Wrk. Comp. App. Bd. LEXIS 27, at *11-12 (Tenn. Workers' Comp. App. Bd. July 6, 2016). As stated by the Tennessee Supreme Court, "[w]hen faced . . . with conflicting medical testimony . . ., it is within the discretion of the trial judge to conclude that the opinion of certain experts should be accepted over that of other experts and that it contains the more probable explanation." *Thomas v. Aetna Life and Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991) (internal quotation marks omitted). Thus, it is incongruous for Employer to argue that the trial court should not have considered the relative weight to be given the utilization review reports and the authorized treating physician's opinions after having stipulated to that very issue.

Employer also asserts that the trial court should not have considered whether one of the utilization review physician's opinions exceeded the statutory scope of utilization

---

[4] The "Stipulations" were not signed by counsel for Employee, but the pleading reflects that counsel for Employee had agreed to them. The trial court accepted the stipulations as part of the technical record.

review. Tennessee Code Annotated section 50-6-238 addresses the jurisdiction and authority of the Court of Workers' Compensation Claims. The statute provides, in pertinent part, that "[i]t shall be the duty of a workers' compensation judge to hear and determine claims for compensation, . . . to conduct hearings, and to make orders, decisions, and determinations." Tenn. Code Ann. § 50-6-238(a)(3) (2015). Further, a workers' compensation judge is authorized to issue "interlocutory order[s] for temporary disability or medical benefits." Tenn. Code Ann. § 50-6-239(d)(2) (2015). Therefore, it was within the scope of the trial court's authority to assess the validity of the utilization review reports and determine the relative weight to be given those physicians' opinions as well as other expert medical opinions.

Finally, Employer argues that it is "in the untenable position of making arguments regarding the adequacy of the [u]tilization [r]eview decisions for the first time on appeal because the issues were not raised in the trial court." Yet, as noted above, Employer stipulated to the admissibility of the utilization review reports. In addition, Employer argued in its "Brief in Opposition to Employee's Request for Medical Treatment" that Employer's denial of treatment based on the utilization review reports should be upheld. Furthermore, Employer did not request an in-person evidentiary hearing before the issuance of the trial court's expedited order. Thus, Employer implicitly agreed to rely on the documentation submitted as evidence, as well as its written argument, in lieu of an in-person evidentiary hearing. In short, Employer asked the trial court to uphold its denial of medical treatment based on the stipulated utilization review reports, yet now complains that the trial court considered the adequacy of those very reports in reaching its decision. Employer had a reasonable opportunity to offer arguments regarding why the utilization review reports supported its denial of medical treatment, and it is clear that the trial court considered those arguments in making its determinations.

Therefore, we conclude that the trial court was well within its authority to evaluate the utilization review reports and assess the weight to be given to such reports. The trial court did not exceed its authority and did not address issues outside the scope of the request for expedited hearing as set forth in the DCN. Accordingly, we find no merit in Employer's contentions that the trial court unexpectedly analyzed issues not before it and that such analysis constituted a violation of Employer's due process rights.

*Sufficiency of the Evidence*

Employer also argues that the trial court's decision is not supported by sufficient evidence. We disagree. At an expedited hearing, an employee need not prove every essential element of his or her case by a preponderance of the evidence, but must come forward with sufficient proof to convince the trial court he or she will "likely prevail at a hearing on the merits." Tenn. Code Ann. § 50-6-239(d)(1) (2015). In the present case, an authorized physician, Dr. McCall, opined that the recommended surgery was "related to his original work comp injury." Dr. McCall then explained his disagreement with Dr.

Smith's utilization review report and stated, "[t]here is clear progression in his radiographic findings comparing today's x-ray with the original x-rays from 9/18/2014." After receipt of the second utilization review report, in which Dr. Goldman agreed that the recommended surgery was "likely reasonable" but "unrelated to the injury in question," Dr. McCall reiterated his opinion that the need for surgery was related to posttraumatic osteoarthritis. We find such evidence was sufficient to support the trial court's determination that Employee is likely to prevail at a hearing on the merits.

Employer argues that the phrase "utilization review" must inherently include "an element of causal determination." Rule 0800-02-06-.04, which describes the contents of a utilization review report, mandates that "[t]he utilization review agent shall only consider the medical necessity, appropriateness, efficiency, and quality of the recommended treatment *for the employee's condition*." Tenn. Comp. R. & Regs. 0800-02-06-.04(2)(a) (2015) (emphasis added). Employer asserts that the phrase "employee's condition" must necessarily refer to the employee's work-related condition, thereby injecting an element of causation into a determination of medical necessity. Such a position, however, is inconsistent with a fair reading of the pertinent statutes and regulations in their entirety.

"Utilization review" has been defined to mean "the evaluation of the necessity, appropriateness, efficiency and quality of medical care services." Tenn. Code Ann. § 50-6-102(20) (2015). This definition does not include an assessment of whether the prescribed treatment is causally related to the work accident. Rule 0800-02-06-.01(21), which also defines "utilization review," likewise does not include a causation element. According to that rule, "'utilization review' means evaluating the quality and appropriateness of health care or health care services in workers' compensation cases." Tenn. Comp. R. & Regs. 0800-02-06-.01(21) (2015). Finally, the Workers' Compensation Medical Treatment Guidelines specify that "'[u]tilization review' does not include analysis of or opinions regarding medical causation or compensability." Tenn. Comp. R. & Regs. 0800-02-25-.02(11)(b) (2016).[5]

Thus, when Rule 0800-02-06-.04(2)(a) is read in light of the definitions noted above, it is apparent that the phrase "employee's condition" refers to the employee's medical condition as a whole. A utilization review physician's primary role is to assess whether the recommended treatment is medically necessary, appropriate, and efficient to treat the employee's medical condition, without considering the issue of causation.

Alternatively, Employer argues that even if an evaluation of causation is not an inherent element of utilization review, the statute does not prohibit a utilization review

---

[5] This interpretation is consistent with the letter issued by the Bureau's Medical Director in this case, which informed the parties that his review of the utilization review reports "relates only to medical necessity" and "shall not be used to determine causation and/or compensability."

physician from offering an expert opinion on medical causation apart from an opinion on medical necessity. We agree. Nothing in the statute or rules prohibits a party from eliciting an expert medical opinion from any physician or medical provider it chooses. It is the role of the trial court to assess the admissibility of that evidence and, if admissible, give it the weight it deems appropriate in light of the qualifications of the experts, the circumstances of their evaluations, the information available to them, and the evaluation of the importance of that information by other experts. *Simerly*, 2014 Tenn. LEXIS 115, at *11.

Therefore, in the present case, although Dr. Goldman's opinion regarding medical causation exceeded the statutory scope of utilization review, it was error for the trial court to find the opinion was "improper" in its entirety. However, that error was harmless under the circumstances presented. The trial court specifically addressed this issue and determined that, even if it considered Dr. Goldman's opinion on medical causation, the opinion was insufficient to overcome the presumption of correctness afforded to Dr. McCall's opinion. The evidence does not preponderate against that determination.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.

7



**FILED**

**November 2, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:50 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tim Venable | ) | Docket No. 2015-05-0582 |
| | ) | |
| v. | ) | State File No. 78398-2014 |
| | ) | |
| Superior Essex, Inc., et al. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 2nd day of November, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Mark Lambert** | | | | | X | mlambert@forthepeople.com |
| **Lee Anne Murray** | | | | | X | leeamurrary@feeneymurray.com |
| **Dale Tipps, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov